UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Hugh Randolph Watkins, Jr. | ) | Case No. 05-12066C-7G |
| and Laurie J. Watkins, | ) | |
| | ) | |
| Debtors. | ) | |
| ——————————————————— | ) | |
| | ) | |
| The Cadle Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 06-02001 |
| | ) | |
| Hugh Randolph Watkins, Jr. | ) | |
| and Laurie J. Watkins, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

This adversary proceeding came before the court on May 1, 2007, for trial.  Joseph J. Vonnegut appeared on behalf of the plaintiff and Tommy S. Blalock, III appeared on behalf of the defendants (hereinafter referred to as "Mr. Watkins" and "Mrs. Watkins" or collectively as "debtors" or "defendants").  The parties submitted stipulations of fact, exhibits and testimony as the evidence to be considered.  Having considered such evidence, the court makes the following findings and conclusions pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### NATURE OF PROCEEDING

This is a proceeding brought pursuant to section 727(a)(4)(A) and section 727(a)(5) of the Bankruptcy Code seeking to deny the

defendants a discharge.

JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(J) which this court may hear and determine.

FACTS

The defendants filed for relief under chapter 7 of the Bankruptcy Code on July 1, 2005. The case was commenced pro se, although the defendants received some advice from an attorney regarding the preparation of the schedules and statement of financial affairs that were filed by the defendants.

Most of the indebtedness listed by the defendants, including the indebtedness held by the plaintiff, is business debt that arose from a business enterprise known as Four Seasons Apparel. Four Seasons was forced into bankruptcy in 1999 and liquidated.

Mr. Watkins was a principal and officer of Four Seasons and had guaranteed various obligations of the business and also incurred large tax liabilities related to the business. Mrs. Watkins had pledged approximately $1,000,000.00 worth of securities to secure some of the obligations of Four Seasons. These securities were liquidated in 1999 and the proceeds applied to the business

- 2 -

indebtedness secured by the pledge of the securities.

Mr. Watkins had been employed by Four Seasons and the bankruptcy of Four Seasons resulted in a loss of employment by Mr. Watkins.  For several years following the bankruptcy of Four Seasons, the earnings of the Watkins were substantially less than the $240,000.00 annual salary he had received at Four Seasons.

Although the Watkins liquidated various assets and made payments on various debts that had been guaranteed, substantial business debts remained unpaid in 2005 when the defendants commenced their chapter 7 case, including the debt held by the plaintiff. According to the proof of claim filed by the plaintiff, the amount owed to plaintiff on the petition date was $459,374.68, consisting of principal of $198,947.23 and interest of $260,427.45.

Plaintiff instituted this adversary proceeding on January 4, 2006.

ANALYSIS

I.  Claim under Section 727(a)(4)(A).

The plaintiff alleges that defendants are not entitled to a discharge of their debts because they knowingly filed schedules that failed to disclose certain financial transactions and certain property owned by the debtors.  Based upon such conduct, the plaintiff alleges that the defendants should be denied a discharge pursuant to section 727(a)(4)(A).  Under section 727(a)(4)(A), a discharge may be denied if "the debtor knowingly and fraudulently,

in or in connection with the case . . . made a false oath or account. . . ."  11 U.S.C. § 727(a)(4)(A).

"A 'false oath' sufficient to merit a denial of discharge includes a misrepresentation or an omission in the debtor's bankruptcy Schedules or Statement of Financial Affairs." Kaler v. McLaren (In re McLaren), 236 B.R. 882, 894 (Bankr. D.N.D. 1999). A debtor should make every attempt to report accurate information in the debtor's petition and schedules and "[n]either the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight." In re Tully, 818 F.2d 106, 110 (1st Cir. 1987). See also In re Ingle, 70 B.R. 979, 983 (Bankr. E.D.N.C. 1987) ("Creditors are entitled to truthful statements in a debtor's statement of financial affairs so that they may conduct their own investigations of those affairs."). However, in order to deny a debtor's discharge pursuant to section 727(a)(4)(A), more is required than merely showing an omission or inaccuracy in the schedules or statement of financial affairs. A creditor must also prove by a preponderance of the evidence that the omission or inaccuracy occurred as a result of fraudulent intent on the part of the debtor. E.g., Keeney v. Smith (In re Keeney), 227 F.3d 679, 685 (6th Cir. 2000). Because it is nearly impossible to obtain proof of a debtor's state of mind, direct evidence of fraudulent intent is not required. Instead, a creditor may present evidence of the surrounding circumstances from

which such intent may be inferred. <u>In re Van Horne</u>, 823 F.2d 1285, 1287 (8th Cir. 1987); <u>In re Garthe</u>, 58 B.R. 62 (Bankr. M.D. Fla. 1986). "[M]ultiple inaccuracies or falsehoods may rise to the level of reckless indifference to the truth, which is the functional equivalent of intent to deceive." <u>Jordan v. Bren (In re Bren)</u>, 303 B.R. 610, 614 (B.A.P. 8th Cir. 2004), <u>rev'd on other grounds</u>, 122 Fed. Appx. 285 (8th Cir. 2005). An intent to deceive may be found "where the debtor, in the first instance of filing a petition, Schedules, and Statement of Financial Affairs, make statements therein, exceeding honest mistake, which are inconsistent and incompatible with her own knowledge and information." <u>Kaler v. McLaren (In re McLaren)</u>, 236 B.R. 882, 895 (Bankr. D.N.D. 1999).

It is undisputed that there were some omissions from the defendants' schedules and statement of financial affairs. However, neither the number nor the nature of the omissions were such that fraudulent intent on the part of the defendants reasonably should be inferred. Paragraph number one of the statement of financial affairs calls for the debtor to state the amount of gross income the debtor received from employment, trade, or profession, or from operation of the debtor's business from the beginning of the calendar year to the date the case was commenced and for the two years immediately preceding the calendar year in which the case was commenced. Mr. Watkins admittedly failed to include in his 2004 income $58,000.00 which he earned in 2003 but did not receive until

2004 because of the inability of his employer to pay the salary during 2003.  Mr. Watkins testified that this omission occurred because he erroneously thought that he had included that income in the income he listed for 2003 because he had earned it that year. The plaintiff contends that an omission also occurred in the information furnished in paragraph number two of the statement of financial affairs which calls for a listing of income other than from the debtor's employment during the two years preceding the commencement of the case.  During the two years prior to the commencement of this case, Mr. Watkins made substantial withdrawals from his Individual Retirement Account.  While Mr. Watkins did list his IRA in Schedule B, he did not list the IRA withdrawals in paragraph two of his statement of financial affairs.  Mr. Watkins testified that he did not list these withdrawals because he did not regard the IRA withdrawals as income and that the attorney who assisted him had advised him that it was not necessary to list IRA withdrawals in paragraph two of his statement of financial affairs. An omission also occurred with respect to paragraph three of his statement of financial affairs which calls for the debtor to list payments to creditors that were made during the ninety days preceding the commencement of the case.  The defendants admit that some payments to creditors were made during the ninety-day period that were not listed in paragraph three.  Most of the omitted creditors involved payment of current expenses.  According to Mr.

- 6 -

Watkins, these payments were not listed because he did not realize that such payments were covered by paragraph number three.

Having considered the totality of the circumstances presented in this proceeding, including the demeanor of Mr. Watkins during his testimony, the court concludes that there has been no showing of fraudulent intent on the part of the defendants in preparing their schedules and statement of financial affairs.  The court is not convinced by the weight of the evidence that the omissions that occurred were intentional nor intended to mislead creditors.  Nor do the omissions evidence a reckless disregard for the truth on the part of the defendants.  It appears instead that the omissions were the result of misunderstanding, honest mistake or oversight by debtors who, for the most part, prepared their own schedules and statement of financial affairs.  No fraudulent intent having been shown, the plaintiff's claim under section 727(a)(4)(A) must fail.

Plaintiff also alleged that the defendants failed to list football season tickets costing approximately $2,000.00 in Schedule B.  However, the evidence failed to show that the defendants owned any tickets when this case was commenced.  Hence, no omission was shown regarding the tickets.  Likewise, the evidence did not establish that Mrs. Watkins had income that was omitted from the schedules and statement of financial affairs as alleged in the complaint.

II.   Claim under Section 727(a)(5).

The plaintiff also objects to defendants' discharge pursuant to section 727(a)(5).  Under section 727(a)(5), a discharge may be denied if the debtor "has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5).  In a proceeding under section 727(a)(5), the initial burden is on the objecting party to produce evidence establishing a loss or deficiency of assets of the debtor, at which point the burden shifts to the debtor to explain satisfactorily the loss or deficiency of assets.  Powers v. Ottoson-King (In re Ottoson-King), 3 Fed. Appx. 147, 151 (4th Cir. 2001); In re Farouki, 133 B.R. 769, 777 (Bankr. E.D. Va. 1991).  Whether a debtor has satisfactorily explained a loss or deficiency of assets is a question of fact that requires a reasonable and credible explanation from the debtor.  In re Chalik, 748 F.2d 616, 619 (11th Cir. 1984).

The property involved in this claim consists of two residential properties that were sold by the defendants, the IRA withdrawals by Mr. Watkins and a $13,000.00 credit line advance that the defendants obtained in May of 2005.  The defendants provided reasonable and credible explanations concerning the disposition of these assets and funds.  Regarding the residential properties, the testimony of Mr. Watkins during his 2004 examination and deposition identified the purchasers of these properties, provided the purchase price paid for

- 8 -

the properties, identified the entities that held judgment liens against the properties and gave the amounts that were paid to the judgment creditors, which accounted for all of the net proceeds from the two properties. Mr. Watkins' testimony, supplemented by bank records that were produced by the defendants, provided the names of the creditors who were paid with the credit line proceeds and the amounts that were paid. Similarly, Mr. Watkins provided a reasonable explanation of the manner in which the IRA withdrawals were utilized, which involved substantial payments to the IRS, satisfaction of a large judgment obtained by Weiss Peck, debt service on real estate owned by the defendants, and payment of the defendants' household and living expenses during periods following the collapse of Four Seasons when Mr. Watkins' earnings were severely depressed. It follows that the plaintiff is not entitled to relief under section 727(a)(5).

CONCLUSION

In accordance with the foregoing findings and conclusions, a judgment shall be entered denying the relief sought in the complaint and dismissing this proceedings with prejudice. Neither party is entitled to recover attorneys' fees from the other and the judgment will so provide.

This 15th day of May, 2007.

WILLIAM L. STOCKS
United States Bankruptcy Judge

- 9 -

PARTIES IN INTEREST


Joseph J. Vonnegut, Esq.
P.O. Box 2505
Fayetteville, NC 28302

Tommy S. Blalock, Esq.
604 Green Valley Road, Suite 210
Greensboro, NC 27408

William P. Miller, Trustee

Michael D. West, Bankruptcy Administrator